NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRENTON LEE, | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 08-5972 (DMC) (CCC) |
| NEW JERSEY TRANSIT, and | : | |
| AMALGAMATED TRANSIT UNION | : | |
| LOCAL 825, | : | |
| | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Defendants New Jersey Transit ("NJ Transit") and Amalgamated Transit Union Local 825 ("ATU") (collectively, "Defendants") for summary judgment on *pro se* Plaintiff Brenton Lee's claims. The Court reads Plaintiff's Complaint to assert claims for (1) discrimination based on national origin under Title VII, (2) breach of contract by NJ Transit, and (3) breach of the duty of fair representation by ATU.[1]  No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure.

For the reasons discussed below, Defendants' motions are **granted**.

---

[1] Plaintiff has not properly pled all of his claims, however, in light of his *pro se* status the Court will consider each claim that he appears to be asserting. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir.1992).

## BACKGROUND[2]

Plaintiff Brenton Lee was a bus operator for NJ Transit. In January 2007, Plaintiff was terminated from his employment, having allegedly left the scene of an accident involving the bus he was operating on January 4, 2007.[3] Plaintiff asserts that he was actually fired by NJ Transit due to his national origin (Jamaican), in violation of Title VII of the Civil Rights Act of 1964. See Plaintiff's Complaint ("Pl. Comp."), at 1, 3.

Plaintiff also appears to be alleging that his discharge violated the collective bargaining agreement ("CBA") between NJ Transit and ATU. Id. at 5. Specifically, he alleges that he was dismissed prior to his hearing date, in contravention of the CBA.

The CBA provides for a grievance and arbitration procedure. The union member filing the grievance is provided with Union representation during the (1) filing of the initial grievance, (2) the appellate procedures, and (3) arbitration. Having filed a number of grievances during his employment, Lee was familiar with the procedures. As a result of this process, Plaintiff was offered a settlement agreement, which he refused. At such time, the Union Board determined that Plaintiff's grievance would not proceed to arbitration, and it was rejected.

Plaintiff acknowledges that he had good relationships with many of the ATU officials, including the Union president, who represented Lee during the grievance process.

---

[2] The facts in the Background section have been taken from the parties' moving papers.

[3] Prior to the incident, Plaintiff had been subject to discipline on a number of occasions in response to customer complaints. He received several suspensions of various lengths, but these infractions were not the cause of his termination.

After his discharge, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against NJ Transit. Plaintiff received a "Right to Sue" letter from the EEOC on October 8, 2008. On December 4, 2008, Plaintiff filed this action asserting (1) discrimination based on national origin under Title VII,[4] (2) breach of contract against NJ Transit and (3) breach of the duty of fair representation by ATU.

## STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing either (1) there is no genuine issue of fact and it must prevail as a matter of law; or (2) the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331. If either showing is made then the burden shifts to the non-moving party, who must demonstrate facts that support each element for which he or she bears the burden and must establish the existence of genuine issues of material fact. Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, FED. R. CIV. P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The Court will consider all facts and their

---

[4] Plaintiff's discrimination claim was initially based upon an allegedly wrongful termination. In his response to Defendants' motions for summary judgment, he appears now to also be asserting a claim for hostile work environment. For the same reasons as discussed below with respect to Plaintiff's wrongful termination claim under Title VII, his new claims are similarly without merit.

reasonable inferences in the light most favorable to the non-moving party. See Penn. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

## DISCUSSION

The Court will consider, in turn, Plaintiff's claims for (1) discrimination based on national origin under Title VII, (2) breach of contract against NJ Transit and (3) breach of the duty of fair representation by ATU.[5]

### I. TITLE VII

#### A. Applicable Law

Title VII prohibits an employer from discriminating against an employee because of his or her race or national origin. Pursuant to McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to assert a claim under Title VII a plaintiff must establish a prima facie case of employment discrimination. To establish a prima facie case of discrimination based on race or national origin, a plaintiff must show (1) that he is a member of a protected class; (2) that he was qualified for the position at issue, (3) he suffered an adverse employment action, (4) "under circumstances giving rise to an inference of discrimination." Sarullo v. U.S. Postal Service, 352 F.3d 789, 797 (3d Cir. 2003); Jones v. Sch. Dist of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999). If a plaintiff is able to establish a prima facie case, the employer must come forward with a legitimate, non-discriminatory reason for the adverse employment action. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254-56 (1981). Finally, if the employer is able to articulate a valid reason for its action, the

---

[5] Plaintiff's second and third claims for breach of contract/improper representation will be treated as a "hybrid claim," as discussed in Section II, below.

plaintiff must demonstrate that the proffered reason was merely a pretext for unlawful discrimination. See Reeves v. Sanderson Plumbing Products Inc., 530 U.S.133 (2000).

Prior to bringing a Title VII claim, a plaintiff must file a complaint with the EEOC. See Gutierrez v. McDonald's Corp., 2009 U.S. Dist. LEXIS 86245, at *5 (D.N.J. Sept. 21, 2009) ("[T]he prerequisites to a suit under Title VII are the filing of charges with the EEOC and the receipt of the Commission's statutory notice of the right to sue.") (citing McDonnell Douglas, 411 U.S. 792). A plaintiff then receives a "Right to Sue" letter from the EEOC, permitting him or her to file suit in a district court.

   **B.**  **Analysis**

Plaintiff's Title VII claims against NJ Transit and AMU must fail, and Defendants are entitled to summary judgment.

   1. *NJ Transit*

As noted above, Plaintiff must establish a prima facie case of discrimination. That is, Plaintiff is required to give some indication that his discharge occurred "under circumstances giving rise to an inference of discrimination." Sarullo v. U.S. Postal Service, 352 F.3d 789, 797 (3d Cir. 2003). He has failed to do so.

The record suggests that Plaintiff was fired for being involved in an accident. Plaintiff denies that the accident occurred. Despite Plaintiff's denial of the accident, however, he has in no way demonstrated that his termination was related to his national origin. In fact, Plaintiff has conceded that his discharge was not a result of his national origin. At his deposition, Plaintiff testified:

   Q. Why did [New Jersey Transit] want to dismiss you?

> A. Just to punish me and teach me a lesson.
> Q. And is that because you had spoken up against Mr. McAteer?
> A. McAteer and probably Joe [McIlleyne] and things like that.
> Q. Because they wanted to get rid of a speak-up person?
> A. Yeah. You can tell with super Dave.
> Q. Answer the question.
> A. Yeah.
> Q. So it has nothing to do with your nationality, they just don't like your personality?
> A. Probably. Right.

See NJ Transit Brief in Support of Motion for Summary Judgment ("NJT Br."), at 7.

The deposition excerpt above indicates that Plaintiff's termination—even from his own point of view—was the result of a personality conflict. This does not support a claim for discrimination under Title VII.

Plaintiff now asserts that in addition to the personal conflicts, his discharge was **also** motivated by his national origin. This broad allegation notwithstanding, the only alleged conduct that even potentially involves discrimination, was that on one occasion another NJ Transit employee referred to Plaintiff's "black ass." This was an isolated incident, and the employee happened to be African American. Notably, the incident took place well before Plaintiff's discharge, and Plaintiff never complained about the statement (e.g., informed management, filed a grievance, etc.) until after his termination. In any case, this event alone is insufficient to create a prima facie case of discrimination.[6]

---

[6] Although Plaintiff did not initially bring a claim for hostile work environment under Title VII, his submissions to this Court suggest that he believes he is also asserting such a claim. This claim, if asserted, is rejected. The alleged conduct described above, if true, is still insufficient to give rise to a hostile work environment claim. See, e.g., Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) ("[O]ffhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory" conduct actionable under Title VII."); Woodard v. PHB Die Casting, 255 Fed. Appx. 608, 609-10 (3d Cir. 2007) (same).

Even assuming *arguendo* that Plaintiff could establish a prima facie case of discrimination, Defendants have provided a legitimate non-discriminatory basis for his discharge. Defendant NJ Transit asserts that Lee was terminated for leaving the scene of an accident. Defendants' assertion is supported by "the police report, Plaintiff's own statements to the State Police, the inspection of the bus by Terminal Supervisor Pat McMullen, and pictures of the bus taken at Oradell Garage." See NJT Br., at 4-5. Plaintiff responds to the Defendants' proffered reason by stating that he was not involved in an accident, or that he did not know that he was involved in an accident. Even assuming that Plaintiff's contention is correct—against the weight of the evidence—Plaintiff's arguments still do not support his discrimination claim. It is not enough to show that an employer's decision was wrong or mistaken; rather, the issue is "whether discriminatory animus motivated the employer." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994); See Chambers v. Heidelberg USA, Inc., 2006 U.S. Dist. LEXIS 32334, *14 (D.N.J. 2006) ("The Plaintiff has utterly failed to present any competent evidence to show that [his] allegations . . . are in any way connected to his race.").

Under the circumstances here, no fact-finder could reasonably infer that NJ Transit's "proffered non-discriminatory reason[ for terminating Plaintiff] was either a post hoc fabrication or otherwise did not actually motivate the employment action." Swider v. Ha-Lo Industries, Inc., 134 F. Supp. 2d 607, 627 (D.N.J. 2001) (citing Fuentes, 32 F.3d at 764-65. Plaintiff has not demonstrated that there was any discriminatory animus behind his termination, and his Title VII claim must be dismissed.

---

Moreover, the single comment Plaintiff refers to concerns his race, and Plaintiff's claim is one for nation origin discrimination. See Pl. Comp., at 3. Further, as Defendant NJ Transit notes, "[m]any employees at the Oradell garage, where Plaintiff worked, were from the Carribean islands, including Jamaica." See NJ Transit Statement of Material Facts Not in Dispute, at 1.

2. *ATU*

Plaintiff's Title VII claim against ATU must be dismissed as well, as he failed to obtain a "Right to Sue" authorization from the EEOC with respect to ATU.

A plaintiff filing a discrimination suit pursuant to Title VII is required to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1); see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108-11 (2002) ("An individual [filing suit under Title VII] must file a charge [with the EEOC] within the statutory time period and serve notice upon the person against whom the charge is made."). The failure to timely comply with this requirement is cause for dismissal. Philippeaux v. County of Nassau, 921 F. Supp. 1000, 1006 (E.D.N.Y. 1996). Plaintiff has not done so; nor has he suggested that any tolling of the statutory period is appropriate. Plaintiff's Title VII claim against ATU must, therefore, be dismissed.

## II. BREACH OF CONTRACT & DUTY OF FAIR REPRESENTATION

Plaintiff alleges that NJ Transit terminated him prior to holding a hearing, in violation of Section B of the Collective Bargaining Agreement between NJ Transit and ATU.[7] He further alleges that ATU breached its duty to provide fair representation to him during the CBA-mandated grievance process.

### A. Applicable Law

An action wherein a union member "sues his or her employer for breaching its contractual obligations under the collective bargaining agreement and the union for breaching its duty of fair

---

[7] Plaintiff asserts that he was terminated prior to his hearing, in violation of the CBA, which states that "employees shall not be suspended for incivility, minor violations or accidents, until full investigations by the Company and the Union determine the facts of the case."

representation" is referred to as a "hybrid" action under § 301 of the Labor Management Relations Act ("LMRA"). Beidelman v. Stroh Brewary Co., 182 F.3d 225, 236 (3d Cir. 1999). A breach of contract/fair representation claim based entirely upon the terms of a collective bargaining agreement is, accordingly, preempted by the LMRA. See id. at 231-32 (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985) (finding that any state law cause of action which is "substantially dependent upon analysis of the terms of a collective bargaining agreement . . . must either be treated as a § 301 claim or dismissed as preempted by federal-labor contract law."); Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988) ("[I]f resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is preempted and federal labor-law principles . . . must be employed to resolve the dispute.").

The Supreme Court has held that "hybrid" actions under Section 301 are subject to the six-month statute of limitations period established by the National Labor Relations Act ("NLRA"). Daniels v. Pipefitters' Ass'n Local Union No. 597, 945 F.2d 906, 922 (7th Cir. 1991) (citing Del Costello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 170-71 (1983)).

### B.     Analysis

Plaintiff, in his Complaint, asserts that he is bringing a breach of contract claim in addition to his Title VII claim. It appears, however, that Plaintiff actually asserts a "hybrid" claim for breach of contract by NJ Transit, and breach of the duty of fair representation by ATU Local 825.[8] The

---

[8] This conclusion is supported by an informal letter submitted to this Court on September 23, 2009. See docket entry no. 24. Although it is clearly improper for Plaintiff to modify/expand his Complaint via informal letter to the Court—especially as Defendants had already filed dispositive motions—the Court will read Plaintiff's Complaint to assert the additional claim in light of his *pro se* status.

Court will, therefore, read Plaintiff's breach of contract/fair representation claims as a hybrid claim arising under the LMRA. See, e.g., Martinez v. Anselmi & Decicco, Inc., 2009 U.S. Dist. LEXIS 119295, at *21 (D.N.J. December 22, 2009) (holding that "to the extent [Plaintiff's] breach of express contract or breach of the covenant and good faith and fair dealing claims are based on [a collective bargaining agreement], they are preempted by the LMRA.").[9] Plaintiff failed to timely file such claims, and Defendants are entitled to summary judgment.

Plaintiff did not file his contract claim (i.e., the claim this Court has interpreted to be a Section 301 hybrid action) until December 4, 2007. Plaintiff was terminated from his employment in January 2007. As the statute of limitations period for filing such a claim is six months, see, e.g., Daniels, 945 F.2d at 922 (citing DelCostello, 462 U.S. at 155), Plaintiff filed his claim outside the statutory period.

Moreover, the fact that Plaintiff filed a complaint with the EEOC does not toll the statutory period for his Section 301 claim. See Copes v. Children's Hosp., 1999 U.S. Dist. LEXIS 15223, at *5-6 (E.D. Pa. Sept. 27, 1999) ("The courts have recognized that Title VII claims are independent and separate from [Section 301 claims, and t]hus, the time period for filing a § 301 . . . claim is not tolled by pursuing a Title VII claim with the EEOC.") (internal citations omitted); see also Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229 (1976); Johnson v. Railway Express Agency, 421 U.S. 454 (1975).

---

[9] Any state law cause of action [e.g. Plaintiff's breach of contract claim] which is "substantially dependent upon analysis of the terms of a collective bargaining agreement . . . must either be treated as a § 301 claim or dismissed as preempted by federal-labor contract law." Beidelman, 182 F.3d at 232. As such, Plaintiff's state-law cause of action for "violation of [the] collective bargaining agreement is entirely preempted by section 301 of the LMRA." Id.

Plaintiff's hybrid claim for breach of contract/breach of the duty of fair representation was not timely filed.  Defendants are, accordingly, entitled to summary judgment.

## **CONCLUSION**

For the reasons set forth above, Defendants' motions for summary judgment are hereby **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   April   6  , 2010
Original:  Clerk's Office
cc:    All Counsel of Record
     The Honorable Mark Falk, U.S.M.J.
     File